## MARTIN M. MITCHELL
*v.*
## HENRY M. ROBINSON

DAMAGES—*when not excessive in an action of trespass.* In an action of trespass for assault and battery, where the assault is wanton and cruel, and the circumstances peculiarly aggravated, and the conduct of the defendant shows cool, deliberate malice, and there is nothing which palliates it in the slightest degree, a verdict for $1000 damages is not excessive.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. W. R. WELCH, for the appellant.

Messrs. GILLESPIE, SOUTHWORTH & HAPPY, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

It is not claimed there is any justification for the assault made by appellant upon appellee. The only point relied on for a reversal of the judgment is, the damages found by the jury are excessive.

The circumstances of the assault are peculiarly aggravated, and warranted the jury in awarding exemplary damages. Appellant sought to mitigate the enormity of his conduct by proof that appellee had slandered his daughter. The charge imputed to him was, that he alleged she was an unchaste woman. There is no testimony in the record to establish the guilt of appellee. There was a rumor in the neighborhood against the purity of the character of his daughter, but the evidence wholly fails to show it was put in circulation by appellee. He always denied the accusation. When asked to remove the stain upon her character, he protested his innocence and his inability to remove the imputation.

The conduct of appellant exhibits a cool, deliberate malice, seldom witnessed. He was not moved by any sudden passion, aroused by recent provocation. According to his own testimony, he "had studied this thing five or six months." He seems to have calculated upon the want of courage on the part of appellee to resist an assault. When ready to put his purpose into execution, he went to the house of a neighbor where appellee was engaged as a laborer, procured of him a pistol, and asked his employer if he had any objection to his whipping appellee on his premises. Permission was given. By menaces and the exhibition of the pistol, he compelled appellee to go with him a short distance from the house, where, holding the pistol in one hand, with the other he deliberately applied the whip to the non-resisting victim with such severity that the blood followed the lash.

It is to the credit of humanity that the history of litigation, or even the annals of crime, affords but few instances of outrage more malignant in character or exhibiting a deeper depravity in the perpetrator. There is nothing in the record

that palliates in the slightest degree the conduct of appellant. It was wanton and cruel in the extreme. The verdict, under the facts proven, is not too high. In *Alcorn* v. *Mitchell*, 63 Ill. 553, where no physical injuries were inflicted, but only personal indignity, a verdict as large as the one in this case was permitted to stand.

The judgment must be affirmed.

*Judgment affirmed.*