# WILLIAM E. ALCORN

*v.*

# ANDREW J. MITCHELL.

NEW TRIAL—*excessive damages.* At the close of the trial of an action of trespass, and immediately upon the adjournment of the court thereafter, in the court room and in the presence of a large number of persons, one of the parties to the suit deliberately spat in the face of the other: *Held,* in an action brought by the injured party against the perpetrator of the act, that the case was a most fit one for the award of punitive damages, and, it appearing the defendant was a wealthy man, a verdict for $1000 was regarded as not excessive.

APPEAL from the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

Messrs. SHAW, HAYWARD & SMITH, for the appellant.

Messrs. WILSON & HUTCHINSON, and Mr. JONATHAN PALMER, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The ground mainly relied on for the reversal of the judgment in this case is, that the damages are excessive, being $1000.

The case presented is this: There was a trial of an action of trespass between the parties, wherein the appellee was defendant, in the circuit court of Jasper county. At the close of the trial the court adjourned, and, immediately upon the adjournment, in the court room, in the presence of a large number of persons, the appellant deliberately spat in the face of the appellee.

So long as damages are allowable in any civil case, by way of punishment or for the sake of example, the present, of all cases, would seem to be a most fit one for the award of such damages.

The act in question was one of the greatest indignity, highly provocative of retaliation by force, and the law, as far as it may, should afford substantial protection against such outrages, in the way of liberal damages, that the public tranquillity may be preserved by saving the necessity of resort to personal violence as the only means of redress.

Suitors, in the assertion of their rights, should be allowed approach to the temple of justice without incurring there exposure to such disgraceful indignities, in the very presence of its ministers.

It is customary to instruct juries that they may give vindictive damages where there are circumstances of malice, wilfulness, wantonness, outrage and indignity attending the wrong complained of. The act in question was wholly made up of such qualities. It was one of pure malignity, done for the mere purpose of insult and indignity.

An exasperated suitor has indulged the gratification of his malignant feelings in this despicable mode. The act was the very refinement of malice. The defendant appears to be a man of wealth; we can not say that he has been made to pay too dearly for the indulgence.

We have carefully looked into the instructions given and refused, and do not perceive any substantial error in respect to them.

The judgment must be affirmed.

*Judgment affirmed.*