AGNES LONERGAN, *Appellee*, v. WILLIAM SMALL & CO., *a Partnership, etc., Appellants.*

No. 15,966.

SYLLABUS BY THE COURT.

1. DAMAGES—*Mental Suffering—Willful Tort.* The general rule applied in cases of unintentional negligence—that mental suffering unaccompanied by bodily injury is not a ground of recovery—is not applicable in cases of willful and wanton wrongs and those committed with malice and an intention to cause mental distress.

2. ——— *Assault—Injury to the Mind but Not to the Body.*

An assault upon another is an intentional infringement upon the absolute right of personal security, for which the law gives a right of action against the wrongdoer in which damages for mental suffering which is the proximate and natural result of such wrong may be awarded, although there was no battery or bodily injury inflicted.

3. ——— *Excessive—Remittitur.* The damages herein allowed held to be excessive and an option to remit the excess is given to the appellee.

Appeal from Leavenworth district court; JAMES H. GILLPATRICK, judge. Opinion filed November 6, 1909. Modified.

*John H. Atwood, William W. Hooper,* and *J. K. Codding,* for the appellants.

*Benjamin F. Endres,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this action, brought by Agnes Lonergan against the firm of William Small & Co., she alleged that she entered their store on September 12, 1905, carrying with her a box containing articles purchased in another store, and that while engaged in purchasing an article in the defendants' store W. F. Cobb, a member of the firm engaged "in looking after customers and caring for the goods, wares and merchandise in said store for the purpose of protecting the same and preventing any person from taking away, purloining or carrying away any of the stock in said store, wrongfully and unlawfully approached this plaintiff in a rude and insolent and angry manner, and did then and there negligently, carelessly, willfully and intentionally make an assault upon her, the said plaintiff, and did then and there, under the pretense that the box so carried under the arm of this plaintiff had been wrongfully taken from the stock of goods belonging to these defendants, violently lay hold of said box so held under the arm of this plaintiff, and of

4—81 KAN.

the person and clothing of this plaintiff, and did then and there wrongfully, willfully, maliciously, carelessly, negligently and intentionally jerk, snatch and tear said box from the possession of said paintiff, and did wrongfully, maliciously, intentionally and violently assault this plaintiff, and did willfully, intentionally, maliciously, carelessly and negligently tear the clothing of this plaintiff." It was further alleged that these acts were done in the presence of others, and that when Cobb examined the box and learned that the contents did not belong to his firm he did not so announce to the bystanders, nor did he apologize to the plaintiff, but insolently ordered her to leave the store, and that he maliciously treated and held her out to those in the store as a shoplifter and thief, to the great injury to her feelings and bodily health.

In the trial of the case, which resulted in a verdict for the plaintiff, there was testimony tending to sustain the principal averments of the petition. Much of that given in behalf of the defendants was contradictory to the plaintiff's testimony, but there is no difficulty in saying that there was sufficient evidence to support a recovery. In answer to special questions the jury found that the plaintiff did not suffer any bodily injury from the assault, and that any mental suffering she may have endured was not occasioned by physical injury. The jury also answered that no damages were allowed for slander or words spoken, nor for any battery, but they did allow $2500 as damages for the assault.

It is argued by the defendants, who are complaining of the verdict, that as there was no bodily injury inflicted there can be no recovery for insult, indignity, humiliation and mental distress resulting from the assault committed upon the plaintiff. The defendants insist that this case falls within a class of cases wherein it was held that mental suffering, apart from physical injury, can not be made a basis for the recovery of

damages. In the early case of *City of Salina v. Trosper,* 27 Kan. 544, brought to recover for injuries from a defective street, it was ruled that nothing can be recovered for mental suffering except when it is an element and necessary consequence of physical pain and is the proximate result of physical injury. In that case mention was made of the fact that the plaintiff made no claim of injury to character or reputation, nor for any insult or indignity. The same view is expressed in other cases involving the mere negligence of the defendant. (*West v. Telegraph Co.,* 39 Kan. 93; *A. T. & S. F. Rld. Co. v. McGinnis,* 46 Kan. 109; *Railroad Co. v. Dalton,* 65 Kan. 661; *Manser v. Collins,* 69 Kan. 290; *Cole v. Gray,* 70 Kan. 705; *Shelton v. Bornt,* 77 Kan. 1.)

There are well-recognized exceptions to the general rule making a contemporaneous bodily injury essential to a recovery of damages, and among them may be mentioned assault, illegal arrest, malicious prosecution, false imprisonment, and seduction. While there is some diversity of judicial opinion on some of the exceptions to the rule and the grounds on which they rest, there is general concurrence in the view that the rule has no application to willful and wanton wrongs and those committed with the intention of causing mental distress and injured feelings. The supreme court of Massachusetts, after holding that there could be no recovery against one who is guilty of only unintentional negligence, added:

"It is hardly necessary to add that this decision does not reach those classes of actions where an intention to cause mental distress or to hurt the feelings is shown, or is reasonably to be inferred, as, for example, in cases of seduction, slander, malicious prosecution, or arrest, and some others. Nor do we include cases of acts done with gross carelessness or recklessness, showing utter indifference to such consequences, when they must have been in the actor's mind." (*Spade v. Lynn & Boston Railroad,* 168 Mass. 285, 290.)

In *Newell v. Whitcher,* 53 Vt. 589, the plaintiff went to the defendant's house to give music lessons to his daughters, and after the plaintiff had retired to her room for the night he stealthily entered her room, sat down upon her bed and leaned over her person and repeatedly solicited sexual intimacy, which she repelled. The acts of the defendant filled her with fear and so outraged her feelings that a spell of sickness was brought on, which continued for a long time. It was held that to excite her fear and an apprehension of force in the execution of the defendant's unlawful purpose was an assault for which she might recover. The case of *Cooper v. Hopkins,* 70 N. H. 271, was one which had some of the features of the one under consideration. The plaintiff, while standing among customers in a store, was approached by Moore, the manager, who touched her on the shoulder and asked her to go into another room, and as she did not go with him he accused her of larceny, seized her, and searched her shopping bag, all in the presence of customers and clerks. On the trial the plaintiff's innocence was admitted. A requested instruction that if no injury was done to the plaintiff's person by the assault and she was not put in fear of such injury she could not recover for injuries to her mind or feelings was refused by the trial court, and the supreme court held on review that the instruction was properly denied, saying:

"If Moore's acts were occasioned by malice, the plaintiff would be entitled to damages for the injury, if any, to her feelings, although no injury was done to her person. The right to damages for this cause does not depend upon the extent of the physical injuries suffered by the injured party but upon the malice of the wrongdoer." (Page 279.)

A case in Indiana in which damages for mental suffering was allowed for assault was where the defendant ordered a woman and children to move out of a building. He then poured oil on the building and

scratched a match for the apparent purpose of setting
it on fire, and then pointed a gun at the woman, telling
her that if she did not leave the place he would shoot
her and the children. The supreme court held that the
acts of the defendant constituted a willful invasion of
the right of personal security; that there was a touch-
ing of the mind, if not of the body, which made the de-
fendant liable, and the court said that "having reached
the conclusion that an actionable wrong was done ap-
pellee by appellant's willful act we assert that, as the
law imports some damage, she was entitled to recover
full compensation, which includes compensation for
her mental suffering, even if there was no unlawful
touching of the body and no physical injury." (*Kline
v. Kline,* 158 Ind. 602, 605.) In *Wilkinson v. Downton,*
L. R. (1897) 2 Q. B. 57, the defendant by way of a
practical joke represented to the plaintiff, a married
woman, that her husband had met with a serious acci-
dent, whereby both of his legs were broken. The state-
ment was known to be false by the defendant, and he
made it with the intention that it should be believed to
be true. The plaintiff believed it to be true, and in
consequence suffered a violent nervous shock which
rendered her ill, and for which the court held that she
was entitled to a recovery. In volume 13 of the Cy-
clopedia of Law and Procedure, at page 44, it is said
that "while the general rule obtains that a recovery
for mental anguish must generally be connected with
the personal physical injury, it is also true that where
the injury is accompanied by circumstances of malice,
insult, or willfulness, a recovery may be had therefor."
The exception to the rule is stated in volume 8 of the
American and English Encyclopædia of Law, at page
667, in this way:

"It has been said that the rule requiring bodily in-
jury in order to warrant a recovery for mental suffer-
ing in cases of negligence has no application to wanton
or intentional wrongs or where the mental distress was

incident to or a natural consequence of some actionable wrong."

(See, also, *Leach v. Leach,* 11 Tex. Civ. App. 699; *Hickey v. Welch,* 91 Mo. App. 4; *Barbee v. Reese,* 60 Miss. 906; *Caspar v. Prosdame,* 46 La. Ann. 36; *Davis v. Tacoma R. & Power Co.,* 35 Wash. 203; *Craker v. The Chicago & Northwestern Railway Company,* 36 Wis. 657; *Williams v. Underhill,* 71 N. Y. Supp. 291; *Alcorn v. Mitchell,* 63 Ill. 553; *Larson v. Chase,* 47 Minn. 307; Watson, Dam. for Per. Inj., p. 502; Voorhies, Meas. of Dam. for Per. Inj., § 110.)

The testimony of the plaintiff, which the jury accepted, shows an assault of an aggravated character. The seizure of the plaintiff, the snatching of the box in an insolent manner and the searching of the same for stolen goods in the presence of others was a wanton insult and indignity, which was emphasized by the fact that when Cobb discovered that the goods had not been obtained at his store no apology was made or excuse given and when the plaintiff complained she was ordered to leave the store. This was a direct invasion of the plaintiff's right of personal security. There was inchoate violence, the insult, and the implied charge that she was a shoplifter. It has been said that "the right to one's person may be said to be a right of complete immunity: to be let alone. . . . The attempt to commit a battery . . . involves usually an insult, a putting in fear, a sudden call upon the energies for prompt and effectual resistance. . . . There is abundant reason in support of the rule of law which makes the assault a legal wrong even though no battery takes place." (1 Cooley, Torts, 3d ed., p. 33.) The assault of itself gave the plaintiff a right of action against the wrongdoer, and the authorities are all agreed that whenever the attack or invasion of personal security is of such a character as to give a right of action against the wrongdoer the injured person may recover for the mental suffering which is a con-

sequence of the wrong. The mental suffering therefore does not stand alone, as the defendants would contend, but is connected with and has a foundation in the assault, which gave the plaintiff a right of action at common law. In this state damages of this kind were allowed where a passenger on a railway train having a good ticket and a right to ride was told by the conductor that the ticket was invalid and that he must leave the train. The passenger had no money to pay his fare and the conductor took him by the coat collar, led him out of the car, and when they reached the platform someone else paid his fare and he was allowed to proceed on his journey. It was held that he was entitled to recover actual compensation for the indignity and injury to which he was subjected, and, further, if there was gross negligence amounting to wantonness on the part of the conductor, that there might be a recovery of exemplary damages. (*S. K. Rly. Co. v. Rice,* 38 Kan. 398. See, also, *Railroad Co. v. Little,* 66 Kan. 378.)

In one of the instructions the trial court gave the general rule that mental suffering unaccompanied by physical injury is not a ground of recovery, and it is insisted that the finding of no bodily injury under this instruction necessarily defeats any recovery. The instruction taken by itself was too broad, and is one of which the defendants have no cause to complain. In another instruction the jury were told that they might allow the plaintiff compensation for the assault and for the mortification and shame suffered and the disgrace and dishonor cast upon her. Although the general rule was given without proper qualifications, it is evident from the whole charge that the court held to the view that damages might be allowed in the absence of bodily injury if the jury found that a wanton assault had been committed upon the plaintiff. This is apparent from the fact that when the defendants asked for judgment on the findings because no bodily injury was

inflicted the court denied the motion, and instead approved a verdict awarding damages for an assault, which in the nature of things was largely an allowance for mental suffering.

There are other criticisms of instructions, but we find nothing substantial in them, nor is there any error in the hypothetical questions about which complaint is made. The contention that one of the findings and also the general verdict are without support can not be sustained.

The final contention is that the damages are excessive. It is not easy to fix a standard for measuring damages in cases of this character, nor to determine what is just compensation for the injury inflicted. The amount awarded should be just and reasonable, taking into consideration the character and the extent of the injury and the attendant circumstances. In view of the testimony with respect to the suffering, the status of the parties, and all the circumstances brought out in the testimony, the plaintiff was entitled to a liberal allowance, but $2500, the amount awarded, appears to be unreasonable and excessive. To the court it seems that an award of $1000 would be reasonable and just, and if the plaintiff remits $1500 of the amount given by the verdict the judgment will be accordingly modified and affirmed; otherwise it will be reversed.