THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TERRI JOHNSON, Defendant-Appellant.

Third District    No. 3—03—0306

Opinion filed March 31, 2004.

George Zuganelis, of Chicago, for appellant.

Jeff Tomczak, State's Attorney, of Joliet (Lawrence M. Bauer and Robert M. Hansen, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE HOLDRIDGE delivered the opinion of the court:

Following a bench trial, the defendant, Terri Johnson, was convicted of aggravated battery (720 ILCS 5/12—4(b)(6) (West 2000)), and the trial court imposed a sentence of 24 months' probation. The defendant appeals, arguing that: (1) the record fails to demonstrate that she knowingly and intelligently waived her right to a jury trial; and (2) the State failed to prove her guilty beyond a reasonable doubt. We affirm.

## I. FACTS

The report of proceedings begins with the trial on January 23, 2003, and does not include transcripts from any pretrial hearing. However, a docket entry provides that the defendant and defense counsel were present in open court on October 28, 2002. On that day, defense counsel informed the court that the defendant was waiving her right to a jury trial and that a waiver would be filed. The cause was set for a bench trial on December 3, 2002. On December 3, the docket indicates that the defendant was again present with her attorney. The case was continued and the bench trial was rescheduled. On January 23, 2003, the docket states that the defendant and her attorney were present in court and that testimony was heard. The record contains no written jury waiver.

At trial, Officer Todd Tomany testified that he arrested the defendant on an outstanding warrant at approximately 2 a.m. on October 12, 2001. Tomany transported the defendant to the jail. At the police department, Officer Tomany attempted to place the defendant in a jail cell. She refused, so he placed his hands on her and forced her into the cell. The defendant yelled, "Don't ever put your f---ing hands on me." She then turned and spit in Officer Tomany's face. Tomany "guessed" that there was a lot of spit because it was all over his face.

Tomany testified that the defendant did not have her hands over her mouth and did not turn away. She did not sneeze or cough, nor did she ask for medical attention at any time during the arrest.

Officer Ronald Boris testified that he had assisted Officer Tomany in arresting the defendant on the date in question. The defendant resisted the arrest and was very angry. She was swinging her arms and had to be forcibly handcuffed. Boris was not present during the spitting incident at the jail. A videotape was admitted into evidence which depicted the defendant in a combative state during the arrest.

The defendant denied that she spit on Officer Tomany. She testified that a few days before her arrest, she had been hospitalized for

pneumonia. She was still suffering from a deep cough. She also suffered from a chronic acid reflux condition. According to her testimony, she involuntarily sneezed or coughed on the officer, or a combination of both. She tried to suppress the attack but was unable to cover her nose and mouth because her hands were cuffed behind her back.

The trial court found the defendant guilty. The court denied her motion for a new trial and sentenced her to 24 months' probation with required anger management counseling.

## II. ANALYSIS

### A. Jury Waiver

On appeal, the defendant first argues that the record does not show that she knowingly and intelligently waived her right to a jury trial. The State responds that the record does show that she knowingly waived her right, and, to the extent that the record is inadequate, we must presume that the trial court obtained a proper waiver.

■ To be valid, a criminal defendant's jury waiver must be made understandingly and in open court. 725 ILCS 5/103—6 (West 1998). It is well settled that the failure to secure a jury waiver in writing does not require a new trial where it can be shown that the defendant's waiver was otherwise understandingly made. *People v. Tooles*, 177 Ill. 2d 462, 687 N.E.2d 48 (1997). While the trial court must insure that a defendant's jury waiver is understandingly made, no set admonishments are required before the defendant may make an effective waiver of that right. *Tooles*, 177 Ill. 2d 462, 687 N.E.2d 48. Typically, an accused speaks and acts through her attorney. *People v. Frey*, 103 Ill. 2d 327, 469 N.E.2d 195 (1984). Effect is therefore given to jury waivers made by defense counsel in the defendant's presence when the defendant gives no indication of any objection to the court. *Tooles*, 177 Ill. 2d 462, 687 N.E.2d 48; see also *People v. Brials*, 315 Ill. App. 3d 162, 732 N.E.2d 1109 (2000); *People v. Duncan*, 297 Ill. App. 3d 446, 698 N.E.2d 1078 (1998). The validity of a defendant's waiver does not rest on a precise formula, but turns upon the facts and circumstances of each case. *Frey*, 103 Ill. 2d 327, 469 N.E.2d 195.

■ In *Tooles*, the supreme court held that, in the absence of a written jury waiver or admonishment, a defendant knowingly and intelligently waives his constitutional right to a jury trial in open court when he permits defense counsel to waive the right in his presence. *Tooles*, 177 Ill. 2d 462, 687 N.E.2d 48. Here, the defendant was present in open court with her counsel. The defendant's attorney stated that the defendant wished to waive her right to a jury trial. According to the record, the defendant gave no indication of any objection to the trial court. At a subsequent hearing in which reference was

made to a bench trial, the defendant was present and, again, did not object. Further, the presentencing investigation report discloses that the defendant was familiar with the criminal justice system, having amassed several traffic convictions and one prior battery conviction as an adult. See *Tooles*, 177 Ill. 2d 462, 687 N.E.2d 48 (defendant's criminal record gave rise to a presumption that he was familiar with the constitutional right to a jury trial and the ramifications attendant to waiving that right). It is therefore unlikely that the defendant was unaware of the constitutional right she waived. Accordingly, we conclude that the defendant's waiver of her right to a jury trial was understandingly made.

## B. Reasonable Doubt

■ Next, the defendant argues that the State failed to prove her guilty beyond a reasonable doubt. Specifically, she claims that her testimony that she suffered from a medical condition was uncontradicted by the State and should have been accepted as exonerative evidence.

When assessing reasonable doubt, we view the evidence in a light most favorable to the State and determine whether any rational trier of fact could have found the elements of the crime proven beyond a reasonable doubt. *People v. Collins*, 106 Ill. 2d 237, 478 N.E.2d 267 (1985). We do not reassess the witnesses' credibility or reweigh their testimony, since these functions belong to the trier of fact. *People v. Jimerson*, 127 Ill. 2d 12, 535 N.E.2d 889 (1989). A reversal is warranted only if the evidence is so improbable or unsatisfactory that it leaves a reasonable doubt regarding the defendant's guilt. *People v. Flowers*, 306 Ill. App. 3d 259, 714 N.E.2d 577 (1999).

While the defendant testified that she was recovering from pneumonia and suffered from acid reflux disease, such conditions do not lead to the absolute conclusion that her actions in this case were unavoidable or unintentional. The officer testified that the defendant made no attempt to avoid spitting on him. The trial court believed his testimony. We cannot second-guess the finding of the trier of fact with regard to credibility. Instead, we must view the evidence in the light most favorable to the prosecution, and determine whether a rational trier of fact could have found the elements proven beyond a reasonable doubt. Based on this record, we conclude that the evidence was sufficient to prove the defendant guilty.

## III. CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

Affirmed.

BARRY and SCHMIDT, JJ., concur.