NO. 4-05-0865          Filed 1/23/08

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| TYRONE DORN, | ) | No. 05CF102 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Harold J. Frobish, |
| | ) | Judge Presiding. |

JUSTICE MYERSCOUGH delivered the opinion of the court:

In August 2005, a jury convicted defendant, Tyrone Dorn, of aggravated battery (720 ILCS 5/12-4(b) (West 2002)) for spitting on a correctional institution officer. In October 2005, the trial court sentenced defendant to three years' imprisonment. Defendant appeals, arguing the court improperly instructed the jury on the definition of "knowingly." We affirm.

I. BACKGROUND

In May 2005, the State charged defendant, an inmate at the Pontiac Correctional Center (Pontiac), with aggravated battery (720 ILCS 5/12-4(b) (West 2002)). The information alleged that on or about November 19, 2002, defendant knowingly made physical contact of an insulting or provoking nature with Jason Brownfield, knowing Officer Brownfield was a correctional institution employee engaged in the execution of his official

duties, by spitting upon Officer Brownfield's face.

The jury trial commenced in August 2005. Immediately prior to selecting the jury, the parties discussed the State's theory of transferred intent and what the prosecutor could say about transferred intent in his opening statement. Defense counsel argued that for defendant to be guilty of aggravated battery, defendant had to choose to spit on the correctional officer as opposed to attempt to spit on another inmate and accidentally hit a correctional officer. The prosecutor, however, stated that if defendant knew a correctional officer was in close proximity to the inmate at whom he was spitting, that was sufficient to support the aggravated-battery charge. The trial court stated as follows:

"That [(the prosecutor's statement)], I
think is the proper interpretation of the
law. Otherwise, it would be a defense to
every aggravated[-]battery case, well, [']I
intended to hit the inmate. Now, I knew the
officer was there. I knew the officer was
behind him.['] And I don't know what the
evidence is going to be here. [']I knew he
was close. I knew that if my spit went the
wrong way, I might hit the officer, but I
intended just to hit the inmate.['] We may

- 2 -

have a directed verdict on aggravated battery if on the aggravated part if the evidence is that there wasn't any officer around. But if the evidence is that the officer is in close proximity to the inmate he was trying to hit, I believe the legislature intended in that case when you choose to spit on somebody, with the officer being close by and you hit the officer, then you run the risk of an aggravated battery. I know that is contrary to what your theory of the case is, [defense counsel]. But I do think the State needs to in opening statement, and you may want to work on the instruction, the State is saddled with the burden of showing he should have known that the officer was close enough to be hit by the spittle. He should have known that."

After a discussion about other issues, defense counsel again expressed concern that the trial court would not rule on what instruction would be given regarding transferred intent and knowledge before opening statements. The court responded that the State would have to prove that when defendant spit, he knew a correctional institution officer was close enough to defendant

- 3 -

that if defendant missed, he might hit the correctional officer. Defense counsel argued that the court's position was consistent with the "knowledge" instruction (apparently referring to Illinois Pattern Jury Instructions, Criminal, No. 5.01B (4th ed. 2000) (hereinafter IPI Criminal 4th No. 5.01B)). Defense counsel stated that if the court was going to give that instruction on knowledge, he wanted to know before closing. The court indicated that an instruction would be given that met "that requirement" but the specific instruction given would be decided at the instruction conference. The court further indicated that counsel had sufficient guidance for opening statements.

The parties then tendered proposed instructions, including IPI Criminal 4th No. 5.01B and a non-IPI instruction. Those instructions are not contained in the record on appeal. The court found both instructions insufficient. The court ordered both the State and defense counsel to prepare an instruction explaining to the jury that if defendant was aware a correctional officer was in close proximity to defendant's intended victim, and the correctional officer got hit even though defendant did not intend to hit the correctional officer, he is guilty. If defendant was not aware that an officer was close enough to be hit, then the jury should find him not guilty. The court also indicated that the parties could define "awareness."

After the jury was selected, the issue of knowledge

- 4 -

arose again. The trial court discussed an instruction apparently prepared by the court and the instructions tendered by the State and defense counsel. These instructions appear to be somewhat different than those tendered at the jury-instruction conference and are not contained in the record on appeal. The trial judge indicated he would give his instruction, over defense counsel's objection, unless "I have some light of day here that I don't now appreciate."

At trial, the State's witnesses testified that Officer Brownfield, a correctional institution officer, was escorting "inmate Moore" inside Pontiac. Billy Joe Austin, a correctional institution officer, was escorting defendant. When Officer Brownfield and defendant passed inmate Moore and Officer Austin, defendant kicked at Moore but missed. After Officer Austin put leg irons on defendant, Officer Austin and defendant again passed Officer Brownfield and inmate Moore. They passed within five feet of each other. This time, defendant spit. The spittle hit Officer Brownfield in the face.

The State's witnesses testified that they believed defendant was attempting to spit on inmate Moore but hit Officer Brownfield. The State's witnesses also testified that Officer Brownfield was in close proximity--less than an arm's length away--to inmate Moore when defendant spit. Investigator Jack Libby testified that during his investigation of the incident,

defendant told Libby he was spitting at Moore but hit Brownfield accidentally. Defendant did not testify at trial.

At the jury instruction conference, the trial judge stated he would instruct the jury with court's instruction No. 1 over defendant's objection. Court's instruction no. 1 provided as follows:

"A person's awareness of the fact that he was going to perform a battery upon an intended victim is sufficient to support a charge of aggravated battery even if the actual victim was not the intended victim, provided the State has proved the following propositions:

1. The defendant knew Jason Brownfield to be a correctional institution[] employee, who was engaged in the execution of his official duties.

2. The defendant knew Jason Brownfield was in such close proximity to the intended victim that it was substantially probable Jason Brownfield could be the victim of the battery."

The court rejected defendant's proposed instruction based on IPI Criminal 4th No. 5.01B on the basis that it was "confusing" and "inappropriate." The instruction tendered by defendant provided as follows:

> "A person acts knowingly with regard to the nature or attendant circumstances of his conduct when he is consciously aware that his conduct is of such nature or that such circumstances exist. Knowledge of a material fact includes awareness of the substantial probability that such fact exists.
>
> A person acts knowingly with regard to the result of his conduct when he is consciously aware that such result is practically certain to be caused by his conduct." Defendant's instruction No. 1 (based on IPI Criminal 4th No. 5.01B).

The trial court also instructed the jury, without objection, as follows:

> "A person commits the offense of aggravated battery when he knowingly and by any means makes physical contact of an insulting or provoking nature [to] another person, and in doing so, he knows the individual harmed

- 7 -

is a correctional institution employee, who at the time is engaged in the execution of official duties."  People's instruction No. 11 (based on IPI Criminal 4th No. 11.15).  The court further instructed the jury that the State had to prove defendant (1) knowingly made physical contact of an insulting or provoking nature with Officer Brownfield; (2) knew Officer Brownfield was a correctional institution employee; and (3) knew Officer Brownfield was engaged in the execution of official duties.  People's instruction No. 12; see also IPI Criminal 4th No. 11.16.  The jury found defendant guilty of aggravated battery.

In September 2005, defendant filed a motion for a new trial raising, among other things, the jury-instruction issue.  In October 2005, the trial court denied defendant's motion and sentenced defendant to three years' imprisonment.

This appeal followed.

## II. ANALYSIS

Defendant argues the trial court, while properly giving an instruction clarifying the element of knowledge, committed reversible error by giving the court's own non-IPI instruction rather than both paragraphs of the IPI instruction defining "knowledge" (IPI Criminal 4th No. 5.01B).  Defendant argues the court's instruction imposed upon the State a less burdensome

standard than that required by IPI Criminal 4th No. 5.01B.

Specifically, defendant argues the trial court's instruction imposed a burden of proving a "substantial probability" that defendant knew that the result of his conduct--hitting the correctional institution officer--could ensue. However, according to defendant, IPI Criminal 4th No. 5.01B contemplates a greater burden on the State--the burden of proving defendant knew that the result was "practically certain" to be caused by the conduct. Defendant further argues that the result of his trial would likely have been different had the jury been properly instructed. Defendant contends that it was not "practically certain" that defendant's spit would strike the correctional officer rather than inmate Moore.

This court reviews de novo whether the jury instructions, as a whole, accurately conveyed the law. People v. Parker, 223 Ill. 2d 494, 501, 861 N.E.2d 936, 939 (2006) (providing that the jury instructions are considered as a whole). However, we review for an abuse of discretion the trial court's decision to give a particular jury instruction. People v. Daniels, 287 Ill. App. 3d 477, 485, 677 N.E.2d 1385, 1391 (1997). In this case, we review de novo whether court's instruction No. 1, along with the other instructions, accurately conveyed the law. This court reviews for an abuse of discretion the court's decision to give that instruction.

The offense of aggravated battery occurs when a person commits a battery and knows the individual harmed is a correctional institution employee engaged in the execution of his official duties. 720 ILCS 5/12-4(b)(6) (West 2002). A person commits battery when he "intentionally or knowingly without legal justification and by any means *** makes physical contact of an insulting or provoking nature with an individual." 720 ILCS 5/12-3(a)(2) (West 2002). This court has previously found that spitting constitutes contact of an insulting or provoking nature. See People v. Peck, 260 Ill. App. 3d 812, 814-15, 633 N.E.2d 222, 224 (1994) (involving a defendant spitting in the face of a police officer).

Under the doctrine of transferred intent, one who does an unlawful act is liable for the natural and probable consequences of such act. See People v. Hickman, 9 Ill. App. 3d 39, 44, 291 N.E.2d 523, 527 (1973)(finding, under the doctrine of transferred intent, that the defendant's intent to kill his brother was sufficient to support an aggravated-battery conviction for actually harming his ex-wife even though the defendant's ex-wife was not the intended victim). Therefore, even if defendant had only intended to commit a simple battery against inmate Moore, he remained liable for the unintended consequences that were the natural and probable consequence of his act. See People v. Varnell, 54 Ill. App. 3d 824, 828, 370 N.E.2d 145, 147 (1977)

- 10 -

(affirming conviction for aggravated battery under the transferred-intent doctrine where the shooting of an individual was a natural and probable consequence of the defendant's deliberate act of firing a cane gun to frighten a crowd); In re Joel L., 345 Ill. App. 3d 830, 833, 803 N.E.2d 592, 594 (2004) (finding the evidence supported the conclusion that the minor's conduct in kicking the table was intentional and the bodily harm to the officer that resulted was a natural consequence of the intentional act); People v. Psichalinos, 229 Ill. App. 3d 1058, 1067, 594 N.E.2d 1374, 1381 (1992) (finding the defendant had the requisite mental state as to the actual victim where the defendant had the requisite mental state as to the intended victim).

When defendant requested a jury instruction on the definition of "knowingly," the trial court sought to give such an instruction in light of the transferred-intent doctrine. After rejecting defense counsel's tendered instruction based on the first two paragraphs of IPI Criminal 4th No. 5.01B as "inappropriate" and "confusing," the court instructed the jury with its own instruction based on the first paragraph of IPI Criminal 4th No. 5.01B.

Defendant argues the trial court should have instructed the jury with the first two paragraphs of the applicable IPI instruction, IPI Criminal 4th No. 5.01B. When the IPI contains an instruction applicable in a criminal case, giving due consid-

eration to the facts of the case and the applicable law, and the court determines the jury should be instructed on the subject, the IPI instruction should be used unless the court determines it does not accurately state the law.  210 Ill. 2d R. 451(a); People v. Smith, 237 Ill. App. 3d 901, 909, 605 N.E.2d 105, 110 (1992). It is within the trial court's discretion whether to give or refuse a non-IPI instruction.  Smith, 237 Ill. App. 3d at 909, 605 N.E.2d at 110.

The first two paragraphs of IPI Criminal 4th No. 5.01B provide as follows:

"A person [(knows) (acts knowingly with regard to) (acts with knowledge of)] the nature or attendant circumstances of his conduct when he is consciously aware that his conduct is of such nature or that such circumstances exist.  Knowledge of a material fact includes awareness of the substantial probability that such fact exists.

A person [(knows) (acts knowingly with regard to) (acts with knowledge of)] the result of his conduct when he is consciously aware that such result is practically certain to be caused by his conduct."  IPI Criminal 4th No. 5.01B.

The committee note to IPI Criminal 4th No. 5.01B explains that the first paragraph is applicable when the offense is defined in terms of prohibited <u>conduct</u> while the second paragraph is applicable when the offense is defined in terms of a prohibited <u>result</u>. Defendant argues that he was not guilty of aggravated battery unless he was "practically certain" that he would spit on Officer Brownfield. Defendant cites <u>People v. Lovelace</u>, 251 Ill. App. 3d 607, 622 N.E.2d 859 (1993), in support of his argument.

However, <u>Lovelace</u> is distinguishable. In <u>Lovelace</u>, the appellate court held the trial court should have instructed the jury with both paragraphs of IPI Criminal 4th No. 5.01B. <u>Lovelace</u>, 251 Ill. App. 3d at 618, 622 N.E.2d at 867. The court concluded that both conduct and result were at issue because the indictment charged the defendant with aggravated battery by knowingly causing great bodily harm and aggravated battery of a peace officer with the underlying battery based on knowingly causing bodily harm. <u>Lovelace</u>, 251 Ill. App. 3d at 619, 622 N.E.2d at 867. The court held that a defendant charged with knowingly causing great bodily harm or bodily harm must be consciously aware that his conduct is practically certain to cause great bodily harm or bodily harm. <u>Lovelace</u>, 251 Ill. App. 3d at 619, 622 N.E.2d at 867.

In this case, defendant was charged with aggravated battery of a peace officer based on knowingly or intentionally

- 13 -

making physical contact of an insulting or provoking nature with an individual. While the State was required to prove that defendant knowingly or intentionally made physical contact of an insulting or provoking nature, the State did not have to prove that defendant intended to spit on Officer Brownfield or that, by spitting, he was "practically certain" to hit Officer Brownfield. Under the transferred-intent doctrine, so long as the State proved defendant had the requisite intent as to inmate Moore, and that hitting Officer Brownfield was a natural and probable consequence of that act, the requisite intent transferred to Officer Brownfield.

Consequently, the second paragraph of IPI Criminal 4th No. 5.01B did not accurately convey the law. Although the first paragraph of IPI Criminal 4th No. 5.01B is consistent with the principles of the transferred-intent doctrine, the trial court did not abuse its discretion by refusing to give the instruction here. In fact, the court's instruction more clearly articulated the principles of knowledge--consistent with the first paragraph of IPI Criminal 4th No. 5.01B--and the transferred intent doctrine. Because the court did not abuse its discretion by refusing to instruct the jury with IPI Criminal 4th No. 5.01B, and because the court's instruction accurately stated the law, we affirm defendant's conviction for aggravated battery.

## III. CONCLUSION

For the reasons stated, we affirm defendant's conviction. As part of our judgment, we grant the State's request that defendant be assessed $50 as costs for this appeal.

Affirmed.

McCULLOUGH and STEIGMANN, JJ., concur.