In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-2424

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

MATTHEW EVANS,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 07-CR-159-BBC-04—**Barbara B. Crabb**, *Chief Judge*.

ARGUED JANUARY 5, 2009—DECIDED AUGUST 13, 2009

Before EASTERBROOK, *Chief Judge*, and POSNER and WILLIAMS, *Circuit Judges*.

PER CURIAM. The defendant was convicted of armed bank robbery and related crimes and sentenced to 382 months in prison. The sentence was within the guidelines range, but only because the district judge deemed the defendant's previous conviction of aggravated battery in violation of Illinois law a "crime of violence" within the meaning of section 4B1.2(a) of the

federal sentencing guidelines. The appeal challenges that ruling.

Under Illinois law, "a person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." 720 ILCS 5/12-3(a). He commits "aggravated battery" (so far as relates to this case) if in addition he "knows the individual harmed is pregnant." 720 ILCS 5/12-4(b)(11). The defendant had been indicted for having "knowingly and without legal justification, made contact of an insulting or provoking nature with April Lauderdale, in that the defendant pushed April Lauderdale, knowing April Lauderdale to be pregnant." He pleaded guilty, admitting the following facts: at 10 p.m. one night he entered the apartment of Lauderdale, four months pregnant by him, and accused her of sleeping with other men. He began carrying things out of the apartment, including a television set. She locked the door to keep him from returning and taking more stuff out but he kicked in the door, "grabbed Ms. Lauderdale by the face and pushed her down to the floor. He then yelled for the two girls [who had accompanied him on the visit to the apartment, but were outside] to come inside and, quote, kick this bitch's ass." Lauderdale grabbed a knife and stabbed the defendant, and he left, saying, "I pushed her down, and she stabbed me."

So was his conviction of "aggravated battery" a conviction of a "crime of violence"? It was if the crime

of which he was convicted has "as an element the use, attempted use, or threatened use of physical force against the person of another," U.S.S.G. § 4B1.2(a)(1), or is "burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 4B1.2(a)(2). (These definitions are identical to those found in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), another basis for increasing a federal defendant's sentence because of previous convictions, except that the statutory definition leaves out "of a dwelling.") The crime of which the defendant had been convicted does not fit the first subsection quoted above. The use, etc., of "physical force" is not an *element* of that crime, since all that that crime requires is proof of making an "insulting or provoking" physical contact with a woman known to be pregnant. The question is whether the defendant's crime fitted the second subsection ("conduct that presents a serious potential risk of physical injury to another").

The terms "insulting" and "provoking" are taken from the common law tort of battery, which requires only an offensive contact—the sort of thing that might provoke a breach of the peace, as it did here: the provoker was stabbed by his victim. Spitting on a person is the usual example given of a provoking act that amounts to battery. E.g., *Alcorn v. Mitchell*, 63 Ill. 553 (1872); *Cohen v. Smith*, 648 N.E.2d 329, 331-33 (Ill. App. 1995); *Caudle v. Betts*, 512 So.2d 389, 391-92 (La. 1987); see also W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 9, p. 41-42 (5th ed. 1984); *Restatement (Second) of Torts* § 19 and

comment a (1965). And so if you deliberately spit on a pregnant woman you are guilty of the crime of aggravated battery in Illinois, *People v. Dorn*, 883 N.E.2d 584, 588-89 (Ill. App. 2008); *People v. Johnson*, 807 N.E.2d 693, 695-97 (Ill. App. 2004); *People v. Peck*, 633 N.E.2d 222 (Ill. App. 1994), even though spitting does not involve "physical force" or inflict bodily harm. *Garcia-Meza v. Mukasey*, 516 F.3d 535, 537 (7th Cir. 2008).

To fall under the second subsection of section 4B1.2(a) of the guidelines, the crime must be similar to the offenses listed in that subsection—similar, that is, to burglary of a dwelling, arson, extortion, any crime that involves the use of explosives, or any other crime that presents a serious risk of physical injury. *Begay v. United States*, 128 S. Ct. 1581, 1585 (2008); *James v. United States*, 550 U.S. 192, 203-09 (2007). Merely careless (even though criminal and dangerous) conduct will not suffice, however. *Begay v. United States*, *supra*, 128 S. Ct. at 1586-88; *United States v. Woods*, No. 07-3851, 2009 WL 2382700, at *7-8 (7th Cir. Aug. 5, 2009). That is not a problem in this case; the Illinois statute requires that the defendant's "insulting or provoking" physical contact with the victim be intentional or, what amounts to the same thing, knowing. See, e.g., *United States v. Holland*, 831 F.2d 717, 722-23 (7th Cir. 1987). But an "insulting or provoking" physical contact, though intentional, could be no more violent than spitting, and a battery that consists merely of deliberately spitting on someone is not comparable to burglary, arson, extortion, or a crime involving the use of explosives. Nor could it be said to present a *serious* risk of physical injury, *United States v.*

*Jones*, 235 F.3d 342, 346-48 (7th Cir. 2000), though some courts would disagree, most clearly the Tenth Circuit. See *United States v. Paxton*, 422 F.3d 1203, 1205-07 (10th Cir. 2005).

Although the words "insulting or provoking" make it sound as if *all* that the Illinois legislature had in mind is the kind of light offensive touching familiar from civil battery cases, the Illinois courts have held that it embraces more forceful blows as well, the kind that as in this case can knock a person to the ground. *Allstate Ins. Co. v. Kovar*, 842 N.E.2d 1268, 1270-71 (Ill. App. 2006); *People v. Young*, 840 N.E.2d 825, 832-33 (Ill. App. 2005); cf. *People v. Reynolds*, 832 N.E.2d 512, 517 (Ill. App. 2005). Were it not for this judicial gloss, the aggravated-battery statute would fail to reach a class of batteries that is at least as serious as the ones it does reach. Kissing a pregnant woman knowing she didn't want to be kissed is an aggravated battery. But if the statute is confined to physical contacts that, like kissing, do not inflict any bodily harm, then if the defendant's victim did not belong to any of the vulnerable groups enumerated in 720 ILCS 5/12-4(b) he would not be guilty of aggravated battery even if instead of kissing her he beat her up, provided only that he did not cause "great bodily harm, or permanent disability or disfigurement." § 12-4(a).

Thus, the same statute, the same form of words, embraces two crimes: offensive battery, and forcible battery. If the two crimes were in separate sections of the battery statute (or within the same section but listed separately, *Nijhawan v. Attorney General*, 129 S. Ct. 2294,

2299 (2009), as would be the case if the same section punished "insulting a pregnant woman" and "beating a pregnant woman"), and the defendant were convicted of violating the section punishing forcible battery, the fact that another section punished a battery that was not forcible and therefore not a crime of violence under federal law would be irrelevant. But in *United States v. Woods*, *supra*, another panel of this court has held that when a statute fails to place the crime that is a crime of violence, and the crime that is not a crime of violence, in separate sections (or in a list of separate crimes in the same section), the defendant cannot be given the crime-of-violence enhancement. There is an exception if the "generic" crime (that is, the crime of conviction, here an insulting and provoking physical contact with a pregnant woman) as *generally* committed is violent. See *id*. at *7. But the government doesn't argue that most insulting or provoking conduct with a pregnant woman is violent, as the conduct in the present case was, and so the sentence cannot be upheld on that basis.

   *Woods* was circulated to the full court in advance of issuance, and a majority voted not to hear the case en banc. *Woods* governs, and requires that the defendant be resentenced. His sentence is therefore

VACATED.

P O S N E R ,  *C i r c u i t   J u d g e* ,  w i t h   w h o m Chief Judge EASTERBROOK joins, concurring. The *Woods* decision compels reversal, but I do not agree that the rule it lays down is sound. The rule is that if a statute punishes two crimes, one a crime of violence, one not, under the same name (in this case, "aggravated battery" defined as intentionally or knowingly making physical contact of an insulting or provoking nature with a pregnant woman), the defendant cannot be given the sentencing guidelines' crime-of-violence enhancement unless the statute is generally violated by the crime of violence. It is not enough that, as in this case, as the per curiam opinion makes clear, the defendant committed the "crime of violence" version of the statutory offense, the statutory defense being battery of a pregnant woman.

A sentencing judge is not permitted to base a recidivist enhancement on conduct that violates a statute other than the one the defendant had been charged with vio-lating. The judge is not to base the sentence on his "own conception of the offense actually constituted by the defendant's conduct." Stephen J. Schulhofer, "Due Process of Sentencing," 128 *U. Pa. L. Rev.* 733, 757 (1980). He is not to "consider the nature and characteristics of the crim-inal conduct involved *without regard* to the offense charged." Michael H. Tonry, "Real Offense Sentencing: The Model Sentencing and Corrections Act," 72 *J. Crim. L. & Criminology* 1550, 1555-56 (1981) (emphasis in original).

Suppose, therefore, that Evans had been indicted and convicted of simple larceny based on his theft of Lauder-dale's television set, and at the guilty-plea hearing the

prosecutor described the circumstances surrounding the theft, including the pushing of Lauderdale, and the defendant admitted under oath that the circumstances had been exactly as the prosecutor described. Nevertheless the district judge, in applying the guidelines in the present case, would not have been authorized to treat the defendant's conviction of simple larceny (akin to stealing a bicycle from a bicycle stand, the owner being nowhere in sight) as a conviction of a crime of violence within the meaning of the sentencing guidelines. He would have to treat it as a conviction for a nonviolent crime because that was the only crime the defendant had been convicted of. See *United States v. Lewis*, 405 F.3d 511, 513-15 (7th Cir. 2005); *United States v. Bartee*, 529 F.3d 357, 360-61 (6th Cir. 2008). Having determined that the defendant had been convicted of a nonviolent crime, the judge could not go on to consider how the defendant had committed that crime, and, if he had used violence in the commission of it, enhance the sentence accordingly.

But since the statutory term "insulting or provoking" covers a range of kinds or concepts of battery, some of which create a serious risk of injury and some of which do not, and the indictment or other charging document does not indicate where in the range the defendant's conduct fell, we can look at the record of the guilty-plea hearing to disambiguate the application of statute to the case. In *Shepard v. United States*, 544 U.S. 13 (2005), the Supreme Court ruled that if burglary under state law includes entry into a boat, but "crime of violence" for purposes of the Armed Career Criminal Act requires

entry into a building, the sentencing judge can, and in fact has to, look to the guilty-plea hearing to determine whether the defendant admitted to entering a building. See also *Taylor v. United States*, 495 U.S. 575, 602 (1990); *Chambers v. United States*, 129 S. Ct. 687 (2009); *United States v. Smith*, 544 F.3d 781, 786-87 (7th Cir. 2008); *United States v. Rodriguez*, 523 F.3d 519, 524 (5th Cir. 2008); *United States v. Rosa*, 507 F.3d 142, 151-54 (2d Cir. 2007).

*Shepard* was a case in which the same state criminal statute punished both conduct that was not a crime of violence under federal law and conduct that was: punished, in effect, two crimes, and the question was which the defendant had committed. To answer that question required knowing what the defendant had done. Admissions in a guilty-plea hearing, being judicial admissions, bind the defendant in subsequent proceedings and so avoid any occasion for the federal sentencing judge to determine contested facts regarding an earlier crime for purposes of deciding which niche it fits in—the offense that is not a crime of violence or the offense that is, both being covered by the same statutory language. *Brown v. Green*, 738 F.2d 202, 206 (7th Cir. 1984); *Huerta-Guevara v. Ashcroft*, 321 F.3d 883, 888 (9th Cir. 2003). The making of such a factual determination would be objectionable as requiring trials within sentencing hearings and (if the result was to increase the maximum punishment of the defendant) infringing the right to trial by jury conferred by the Sixth Amendment. *Taylor v. United States*, *supra*, 495 U.S. at 600-02; *United States v. Shannon*, 110 F.3d 382, 384-85 (7th Cir. 1997) (en banc); *United States v. Browning*, 436 F.3d 780, 780-82 (7th Cir. 2006); *United States v. Rosa*, *supra*,

507 F.3d at 152-53. The question in this case as in *Taylor* is not what the defendant did—that is not in dispute—but what crime he was convicted of. "Congress intended the sentencing court to look only to the fact that the defendant had been convicted of crimes falling within certain categories, and not to the facts underlying the prior convictions." 495 U.S. at 600.

It is the same here. A single statutory provision creates crimes both within the federal domain and outside it. In *Chambers v. United States, supra*, the two crimes were breaking out of a jail and failing to report for weekend confinement, and the Court held that the latter was not a crime of violence. In this case, the two crimes are a battery that causes or threatens physical injury and a battery that involves just an offensive touching and is punished not because it causes or even creates a risk of physical injury but because it might provoke a breach of the peace by the victim. The former but not the latter offense fits the definition of violent felony.

I cannot see what difference it makes that these crimes are not in separate sections of the battery statute. The division of a statute into sections has never been regarded as having substantive significance; it is merely a device for ease of reference. No Supreme Court decision attaches significance to the presence or absence of sections. If the same section covers two crimes, the court can look at the conceded facts of the defendant's conduct to determine which crime the defendant committed. The "categorical" approach requires the court to identify the crime committed by the defendant *and* to

stop there and not consider *how* he committed it—whether for example he committed a crime in a violent manner though violence was not an element of the crime. That limitation upon the court's inquiry does not make "category" a synonym for "section."

Since the indictment doesn't indicate which kind of battery the defendant committed, we may look behind the indictment to the factual allegations that the defendant admitted in pleading guilty, and when we do this we learn that he not only shoved a pregnant woman to the ground but by shouting for "the girls" to beat her up made her fear a more serious physical injury—and the combination of physical force and fear of serious injury could induce a miscarriage. Cf. *Brownback v. Frailey*, 78 Ill. App. 262 (Ill. App. 1898); *Engle v. Simmons*, 41 So. 1023, 1023-24 (Ala. 1906); *Whitsel v. Watts*, 159 P. 401, 401-02 (Kan. 1916); *Kirby v. Jules Chain Stores Corp.*, 188 S.E. 625 (N.C. 1936). In the language of the guideline, the defendant created "a serious potential risk of physical injury to another."

In *Taylor* the Supreme Court said that "in a State whose burglary statutes include entry of an automobile as well as a building, if the indictment or information and jury instructions show that the defendant was charged only with a burglary of a building, and that the jury necessarily had to find an entry of a building to convict, then the Government should be allowed to use the conviction for enhancement." 495 U.S. at 602. If for "burglary" we substitute "battery," for "automobile" a merely "offensive" touching, and for "building" creating

a risk of physical harm by shoving a pregnant woman to the ground, we have this case.

Both in *Shepard* and in *Chambers* the two crimes that the Supreme Court considered were found in the same statutory section. 720 ILCS 5/12-4(b)(11) likewise punishes two separate crimes (so far as bears on this case)—offensive physical contact with a pregnant woman that does, and that does not, inflict bodily harm, We need to look to the charging document and the guilty-plea hearing to determine, on the basis of the defendant's admission, which crime he was convicted of. As shown in the charging papers and plea colloquy, he was convicted of the type of aggravated battery under Illinois law that fits within the generic federal definition of crime of violence. His sentence was therefore proper.

But since a majority of the court has voted not to rehear *Woods*, I bow to its precedential force and thus agree that the defendant's sentence must be vacated.