**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 3, 2010[*]
Decided February 4, 2010

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-1935

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 1:08-cr-10025-001 |
| SHERMAN A. JOHNSON, *Defendant-Appellant.* | Michael M. Mihm, *Judge*. |

**O R D E R**

Sherman Johnson pleaded guilty to possessing crack with intent to distribute and was sentenced as a career offender to a term of 170 months. In the plea agreement Johnson waived his right to appeal all issues except whether his prior Illinois conviction for aggravated battery qualified as a crime of violence under the career-offender guideline. As the government concedes, circuit precedent controls the outcome here, and so we vacate the sentence and remand.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

In the presentence investigation report, the probation officer classified Johnson as a career offender under § 4B1.1 of the sentencing guidelines because of two prior convictions for crimes of violence. Johnson objected that one of the convictions—for aggravated battery—was not a crime of violence under the residual, "otherwise involves" clause of § 4B1.2(a)(2).[1] An aggravated battery under Illinois law is committed either by causing great bodily harm, 720 ILL. COMP. STAT. 5/12-4(a), or by performing a simple battery in the presence of a listed aggravating factor, such as being in a public place of accommodation, *id.* 5/12-4(b)(8). A simple battery can occur either by causing bodily harm, *id.* 5/12-3(a)(1), or by making contact "of an insulting or provoking nature," *id.* 5/12-3(a)(2). *See People v. Ojeda*, No. 2-08-0155, 2009 WL 5196590, at *1 (Ill. App. Ct. 2009). According to the charging document here, Johnson "knowingly made contact of an insulting or provoking nature with [the victim], in that the defendant struck [the victim] in the face with his fist" while in Club Tequila, a public place of accommodation. Johnson noted that he was charged with the part of the statute criminalizing insulting or provoking contact in a public place, not the section prohibiting causing bodily harm. *See* 720 ILL. COMP. STAT. 5/12-4(b)(8). He argued that the offense should not be categorized as a crime of violence under § 4B1.2(a)(2)'s residual clause because insulting or provoking contact did not encompass the kind of violent and aggressive conduct required by the Supreme Court in *Begay v. United States*, 553 U.S. 137 (2008).

After a hearing, the district court concluded that the aggravated-battery conviction—and specifically Johnson's act of striking a woman in the face—qualified as a crime of violence. As a career offender, Johnson had an advisory guidelines range of 262-327 months. The court's 170-month sentence was far below the low end of the recommended range. Had Johnson not qualified as a career offender, the guidelines range would have fallen below the statutory minimum of 120 months' imprisonment, making the statutory minimum the recommended sentence.

After Johnson filed a notice of appeal, we decided *United States v. Evans*, 576 F.3d 766, 767, 769 (7th Cir. 2009), concluding that the defendant's prior Illinois conviction for aggravated battery—charged as making physical contact of an insulting or provoking

---

[1]The guidelines define "crime of violence" as any offense under federal or state law punishable by imprisonment of more than one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another," U.S.S.G. § 4B1.2(a)(1), or "is a burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another," U.S.S.G. § 4B1.2(a)(2).

nature against a woman known to be pregnant—was not a crime of violence for purposes of the career offender guideline.  *See* 720 Ill. Comp. Stat. 5/12-4(b)(11).  In *Evans*, we noted that the terms "insulting" or "provoking" derived from the common law tort of battery.  Battery can be offensive (such as spitting on a person) or forcible (such as pushing a person to the floor)—and only the latter is a crime of violence.  576 F.3d at 768-69.  But the statute is not divisible—that is, the same words, "insulting or provoking," describe both a violent and nonviolent way of committing the crime.  Thus, we could examine only which crime the defendant committed, not how he committed that crime.  *Id.* at 769 (citing *United States v. Woods*, 576 F.3d 400, 407-08 (7th Cir. 2009)).  And because most insulting or provoking contact with a pregnant woman is not violent, the defendant's conviction for aggravated battery was not a crime of violence.  *Evans*, 576 F.3d at 769.

Johnson argues that *Evans* is dispositive because if insulting or provoking contact with a pregnant woman is not a crime of violence, making insulting or provoking contact in a public place also cannot be.  He asserts that the district court impermissibly considered how he committed the crime for more than determining which part of the statute he violated.  The government concedes that *Evans* is indistinguishable from this case.  We agree.  The presence of a different aggravating factor—a public place rather than a pregnant victim—does not change *Evans*'s conclusion that insulting or provoking contact, in the ordinary case, is not violent.  *See Woods*, 576 F.3d at 403-06.  The kind of insulting or provoking contact Johnson made is irrelevant, and so the district court erred by considering Johnson's specific acts beyond the extent necessary to determine that Johnson was convicted of making insulting or provoking contact, not causing bodily harm.  Johnson's prior conviction for aggravated battery is not a crime of violence.

Accordingly, the sentence is VACATED and the case is REMANDED for resentencing.