**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220413-U

Order filed March 13, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| *In re M.B.*, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| a Minor | ) | Will County, Illinois, |
| | ) | |
| (The People of the State of Illinois, | ) | |
| | ) | |
| Petitioner-Appellee, | ) | Appeal No. 3-22-0413 |
| | ) | Circuit No. 22-JD-119 |
| v. | ) | |
| | ) | |
| M.B., | ) | Honorable |
| | ) | Paula A. Gomora, |
| Respondent-Appellant). | ) | Judge, Presiding. |

_____

JUSTICE Brennan delivered the judgment of the court.
Justice Davenport concurred in the judgment.
Justice McDade dissented.

_____

**ORDER**

¶ 1     *Held*:  The court did not err by denying respondent's amended motion to withdraw guilty plea.

¶ 2     Respondent, M.B., appeals following the Will County circuit court's order denying the amended motion to withdraw her guilty plea. Respondent argues the court failed to ensure her guilty plea was knowing, intelligent, and voluntary. Specifically, (1) the court failed to ensure

that respondent knew that she was pleading guilty to a Class 3 felony, given respondent's below-average intelligence quotient (IQ), and the court's failure to question defense counsel or respondent's mother, and (2) the State failed to provide a sufficient factual basis to support the admission. We affirm.

¶ 3                                I. BACKGROUND

¶ 4        On May 20, 2022, the State filed a petition for juvenile adjudication, alleging that respondent committed aggravated battery (720 ILCS 5/12-3.05(d)(3) (West 2022)), in that she "made physical contact of an insulting or provoking nature with Christine Reed, knowing *** Reed to be a school employee." Respondent was present in court with her mother. The court appointed the public defender and ordered a psychological evaluation. The court informed respondent that the petition "allege[d] one count of aggravated battery, a Class 3 felony. The named alleged victim is a school employee."

¶ 5        On August 4, 2022, respondent was present with counsel and her mother in court. The State informed the court that respondent would be admitting the allegation in the petition and that there was an agreement.  The State advised specifically that respondent was admitting to "one count of aggravated battery, a Class 3 felony." The agreement was for one year of probation with nominal fines and costs, evaluations and counseling, and "a letter of apology to Christine Reed . . . a teacher at Gompers Junior High[.]" Respondent's counsel confirmed that was the agreement. The following colloquy occurred:

> "THE COURT: *** [Y]ou have had an opportunity to review the admission form with your attorney, is that right?

> * * *

> [RESPONDENT]: Yes.

2

THE COURT: *** And you are now 13 years old, correct?

[RESPONDENT]: Yes.

THE COURT: And you have indicated that you are not taking any medication, is that statement true?

[RESPONDENT]: Yes

* * *

THE COURT: Is there anything that would affect your ability to understand anything that's going on during this proceeding?

[RESPONDENT]: No.

THE COURT: You understand that the State is charging you with aggravated battery, a Class 3 felony, which would have a maximum sentence of five years in the Department of Juvenile Justice, is that your understanding?

[RESPONDENT]: Yes.

THE COURT: You also understand that you have the right to continue in your plea of not guilty and make the State prove the allegations in the petition beyond a reasonable doubt? ***

[RESPONDENT]: Yes.

THE COURT: You also understand that you have the right to have a trial?

[RESPONDENT]: Yes.

THE COURT: That trial would be before me, and during that trial, you would have the right to confront the State's witnesses. That means you have the right to be present in court, listen to the witnesses testify and then have your attorney cross-examine those witnesses; then, after the State has presented all of its witnesses, you would have

3

the right to present your own witnesses in your defense. In addition, you would have the right to testify, but the law does not require that you do so, however, by admitting to me that you are guilty of the offense with which the State has charged you, you are giving up those rights. Do you understand?

[RESPONDENT]: Yes."

¶ 6 The State gave its factual basis to support the petition contending that the "evidence would show on or about May 19, 2022, *** [respondent] was at school, *** [and] was in a physical altercation. *** Reed is a teacher *** [and] was trying to assist the situation, and [respondent] struck *** Reed about the body with her hands." Respondent agreed that the witnesses would testify substantially the same as the State represented and the court found that the factual basis supported the allegations. The court continued, "did anyone force you to enter into this plea?" and "[d]id anyone make any promises to you or threaten you, in order to get you to plead guilty?" Respondent replied "[n]o" to both questions. The court found that respondent knew and understood the nature of the charges contained in the petition and the sentencing order and thus, "knowingly, intelligently and voluntarily waive[d] her right to a hearing on the petition and to the allegations contained therein." Respondent indicated that she did not have any questions. The court sentenced respondent to one year of probation.

¶ 7 Respondent's "Order Following *** Plea on Delinquency *** Petition" indicated that respondent admitted the allegations in the original petition, being "aggravated battery" a "Cl. 3." Respondent's separate admission document shows that she admitted to the offense of "[a]ggravated battery (Class 3)" on August 4, 2022. The document states:

"I understand that by admitting to this offense I am giving up my right to a trial. The hearing which I am giving up would be held to determine if I committed the offense

4

in question. I am presumed not to have committed this offense and it is the responsibility of the petitioner to prove beyond a reasonable doubt *** that I committed the offense. By signing this admission, I am giving up my right to this trial.

I understand that by admitting to this offense, I am giving up my right to have the people who know about the offense brought to Court and testify about the offense after they are given an oath to tell the truth. I understand that none of these people will be present in Court and the Court will proceed as if they had been in Court and testified about what I had done.

I understand that I can require people to come to Court to testify on my behalf. If requested by me, these people would be directed by the Court to appear and to testify. I understand that by signing this admission, I am giving up the right to have people brought to Court to testify.

No one has threatened me to get me to sign this document.

No promises have been made to me to get me to sign this document, other than any agreement which may have been reached between my attorney and the petitioner.

I have been given an opportunity by the Court to ask any questions that I may have about this proceeding, about this document and about my rights. All my questions have been answered.

I have signed this admission in open Court ***."

The document has respondent's signature. Respondent's counsel signed the document certifying that she represented respondent during the plea proceeding and was present when the admission was read to respondent. Counsel affirmed that she answered respondent's questions and

respondent "understood *** her rights and that *** she was waiving those rights by signing this admission."

¶ 8    Respondent's psychological evaluation showed that her "Word Reading score, which measures [respondent's] letter and word decoding through letter identification and word recognition was in the low average range (16th percentile). [Her] Sentence Comprehension score, which measures [the] ability to gain meaning from words and comprehend ideas and information contained in sentences was average range." Respondent was "below average" with no marked deficits for verbal skills. Respondent's "IQ Composite" "Standard Score" was 80. Respondent was 13 years old and in eighth grade at the time of the evaluation. The evaluation estimated her intellectual age at nine years old. Respondent reported receiving grades consisting of A's and B's and did not have an individual education program (IEP) or a learning disability.

¶ 9    On August 25, 2022, respondent filed a "Motion to Withdraw Guilty Plea" alleging that she (1) "was not aware that this case was a felony," and (2) "did not commit the offense in question."

¶ 10   On September 20, 2022, respondent filed an "Amended Motion to Vacate Judgment and Withdraw Guilty Plea." The amended motion added that respondent "entered a plea of guilty to the charge of Aggravated Battery (class 3) and was sentenced to one year probation."

¶ 11   On October 13, 2022, the court held a hearing on the amended motion to withdraw guilty plea. Counsel informed the court that respondent and her mother wanted to "convey to the Court that [respondent] never intentionally struck a teacher. [Respondent] was fighting with another student and the teacher became involved ***." Respondent's mother informed the court that they "would have never made the plea" if they had known the charge was a felony offense. The

6

mother also stated that she "didn't know" she could speak during the plea proceeding. The court denied respondent's motion. Respondent appealed.

¶ 12                                    II. ANALYSIS

¶ 13        Respondent argues the court erred by denying the amended motion to withdraw her guilty plea, as she showed that it failed to ensure her guilty plea was knowing, intelligent, and voluntary. According to respondent, (1) the court failed to ensure that respondent knew that she was pleading guilty to a Class 3 felony, given respondent's below average IQ, and the court's failure to question respondent's counsel or respondent's mother, and (2) the State failed to provide a sufficient factual basis to support the admission.

¶ 14                                 A. Plea Withdrawal

¶ 15        A respondent has no absolute right to withdraw his guilty plea. *People v. Delvillar*, 235 Ill. 2d 507, 520 (2009). To withdraw a guilty plea, a respondent must demonstrate that: (1) the plea was entered on a misapprehension of the facts or law, or (2) her agreement to the plea was the result of misrepresentations by counsel, the State, or another authority. *People v. Davis*, 145 Ill. 2d 240, 244 (1991). "[T]he burden is on the [respondent] to establish that the circumstances existing at the time of the plea, judged by objective standards, justified the mistaken impression." *Id.* The decision to grant or deny the motion to withdraw a guilty plea lies with the circuit court and is reviewed for an abuse of discretion. *Delvillar*, 235 Ill. 2d at 519.

¶ 16        The standard for determining what due process requires in any juvenile proceeding is "fundamental fairness." *People v. Taylor*, 76 Ill. 2d 289, 302 (1979). "An admission of a delinquent act by a minor in a juvenile court proceeding is entitled to protections at least equal to that which are constitutionally required for the making of guilty pleas in criminal trials [citation] thereby ensuring that admissions are made intelligently and voluntarily." *In re B.R.*, 164 Ill. App.

7

3d 784, 789 (1987). "[A] plea of guilty may be accepted when the court has informed the minor of the consequences of his or her plea and of the maximum penalty provided by law." 705 ILCS 405/5-605(2)(a) (West 2022). To satisfy due process requirements, it must be "apparent from the record that the minors were aware of the consequences of their admissions; that is, that they understood their rights against self-incrimination, their rights to confront their accusers and their rights to a trial." *In re Beasley*, 66 Ill. 2d 385, 392 (1977); 705 ILCS 405/5-605(2)(a) (West 2022). A reviewing court must assess whether the guilty plea was affirmatively shown to have been made voluntarily and intelligently. *Delvillar*, 235 Ill. 2d at 520. In terms of voluntariness, the court looks to whether respondent had knowledge of the direct consequences of his plea prior to its acceptance. *Id.*

¶ 17 In the present case, respondent argues that she did not understand the consequences of her plea, in that she was pleading guilty to a Class 3 felony. To support her claim, respondent points to her below average IQ and the court's failure to question defense counsel or respondent's mother. The State argues that respondent failed to ask for plain error review in her opening brief, and thus forfeits the argument. Although respondent's below-average IQ claim was not raised in her amended motion to withdraw guilty plea, we find that the overarching argument is close enough to avoid the procedural bar of forfeiture. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988) (to preserve an issue for appellate review, a defendant must object to it at trial and raise it in a posttrial motion); see *In re Amanda H.*, 2017 IL App (3d) 150164, ¶ 33 ("forfeiture is a limitation on the parties, not on the court [citation], and a reviewing court may ignore forfeiture in order to achieve a just result").

¶ 18 The record shows that, at the detention hearing on May 20, 2022, the State informed the court and respondent that the petition alleged that respondent committed "aggravated battery, a

Class 3 felony." On August 4, 2022, the State told the court that respondent was admitting the allegations in the petition, that being "one count of aggravated battery, a Class 3 felony." Later, the court stated that respondent's "aggravated battery, *** Class 3 felony" offense had a maximum sentence of five years' imprisonment. Further, respondent's signed admission indicated that she was pleading guilty to "[a]ggravated battery (Class 3)" and that her counsel had read the form to respondent and answered any of her questions. Respondent informed the court during the plea proceeding that she had no questions and that there was nothing that would affect her ability to understand the proceeding. At no time did the court, the State, or defense counsel mention a different charge, suggest that the charge had been amended, or that the State filed a new charge. While respondent's reading and verbal comprehension were below average, she reported receiving average grades, and did not have a learning disability or IEP. Importantly, respondent indicated that she understood the rights that she was waiving. Therefore, respondent has not established by a "substantial objective proof" that her claimed misunderstanding of the consequences of the charge was "reasonably justified." See *Davis*, 145 Ill. 2d at 244.

¶ 19          Respondent also argues that the court's failure to question defense counsel and respondent's mother contributed to her unknowing and involuntary plea. We note that respondent fails to cite any authority requiring the court to question a minor's defense counsel or parents during the plea proceeding or inform the parents of their ability to participate in the proceeding. See *People v. Edwards*, 2012 IL App (1st) 091651, ¶ 29 ("A reviewing court is entitled to have issues clearly defined with *** cohesive arguments presented; this court is not a repository into which an appellant may foist the burden of argument and research."). Accordingly, respondent has forfeited this argument by failing to develop it with appropriate authority.

¶ 20        Forfeiture aside, the record shows that counsel and respondent's mother were present with respondent on both court dates and at the plea proceeding. *Cf. In re Marcus W.*, 389 Ill. App. 3d 1113, 1126-27 (2009) (it is considered error when the State, circuit court, or respondent's counsel fails to give notice of the juvenile delinquency proceedings to respondent's parents or guardians and neither parent nor guardians appear for the proceedings). Further, respondent's counsel signed the admission, certifying that (1) she was present in court with respondent when the admission was read to respondent, (2) she answered respondent's questions, and (3) respondent "understood *** her rights and that *** she was waiving those rights by signing this admission." In *Beasley*, our supreme court stated, "courts can, to a degree, at least, rely upon the protection which a minor receives through the representation of counsel in assuring that the admissions are voluntary and are not made in ignorance of his rights." 66 Ill. 2d at 397. Simply put, the record affirmatively shows that respondent entered a knowing and intelligent plea.

¶ 21                                B. Factual Basis

¶ 22        Respondent contends that the court erred by accepting the State's factual basis although it did not comply with Illinois Supreme Court Rule 402(c) and section 5-605(2)(a) of the Juvenile Court Act of 1987 (Act). See Ill. S. Ct. R. 402(c) (eff. July 1, 2012); 705 ILCS 405/5-605(2)(a) (West 2022). Specifically, respondent alleges the State's factual basis failed to assert that respondent acted knowingly when she struck the teacher. Respondent contends that had the case proceeded to trial, "the evidence would have been insufficient to prove beyond a reasonable doubt that [respondent] intentionally struck [Reed]" because respondent "was fighting another student and [Reed] became involved when she was trying to break up the fight.*** [Respondent] struck [Reed] inadvertently." See 720 ILCS 5/12-3.05(d)(3) (West 2022).

10

¶ 23    The State argues initially that respondent's sufficiency claim is forfeited where it was not specifically raised in her motion to withdraw plea. See *Enoch*, 122 Ill. 2d at 186. Respondent counters that her insufficient factual basis claim is preserved by her argument that she "did not commit the offense in question." Alternatively, respondent requests that we review the claim under plain error. We find that respondent forfeited review of this claim as she did not object to the factual basis during the plea hearing and this specific issue was not included in her motion to withdraw guilty plea. *Id.* Therefore, we will review the claim under the plain error doctrine. *People v. Thompson*, 238 Ill. 2d 598, 611 (2010) ("When a defendant has forfeited appellate review of an issue, the reviewing court will consider only plain error.").

¶ 24    The plain error doctrine allows a reviewing court to consider an otherwise forfeited clear or obvious error when " '(1) the evidence is close, regardless of the seriousness of the error, or (2) the error is serious, regardless of the closeness of the evidence.' " *People v. Piatkowski*, 225 Ill. 2d 551, 564 (2007) (quoting *People v. Herron*, 215 Ill. 2d 167, 187 (2005)). The defendant bears the burden of persuasion under both prongs. *Herron*, 215 Ill. 2d at 187. The first step of the plain error analysis is to determine whether an error occurred. *People v. Eppinger*, 2013 IL 114121, ¶ 19.

¶ 25    Initially, we note that the State contends that Rule 402 is inapplicable in juvenile proceeding where proceedings under the Act are not considered criminal. See *In re W.C.*, 167 Ill. 2d 307, 320 (1995). Nonetheless, the State contends that the court did comply with both Rule 402(c) and section 5-605(2)(a) of the Act. We agree.

¶ 26    Rule 402 requires that a court "shall not enter final judgment on a plea without first determining that there is a factual basis for the plea." Ill. S. Ct. R. 402(c) (eff. July 1, 2012). Additionally, section 5-605(2)(a) of the Act requires that "[u]pon acceptance of a plea of guilty,

11

the court shall determine the factual basis of a plea." 705 ILCS 405/5-605(2)(a) (West 2022). In the case of a juvenile delinquency adjudication where the respondent admits the charge, " 'the State's Attorney did not need to present all—or even most—of the evidence he possessed in support of respondent's guilt of the charge to which he was offering to admit.' " *People v. Bassette*, 391 Ill. App. 3d 453, 456 (2009) (quoting *In re C.K.G.*, 292 Ill. App. 3d 370, 376 (1997)). The factual basis requirement is satisfied if there is a basis anywhere in the record from which the court could reasonably reach the conclusion that the respondent actually committed the acts with the intent required to constitute the offense being admitted. *In re C.K.G.,* 292 Ill. App. 3d 370, 376 (1997).  Further, when determining whether a factual basis exists, the trial court need not "ferret out possible defenses" for the respondent. *Id.*

¶ 27        As charged in this case, the State was required to show that respondent committed an aggravated battery in that respondent knowingly made physical contact of an insulting or provoking nature with an individual, knowing that the individual battered was a teacher or school employee upon school grounds. 720 ILCS 5/12-3(a)(2), 12-3.05(d)(3) (West 2022). The factual basis established that respondent knowingly made contact of an insulting or provoking nature by striking Reed, a teacher, while on school grounds.

¶ 28        Here, respondent only alleged that she did not intend to strike Reed. Illinois courts have long held that a battery offense does not require the State to prove that respondent specifically intended to commit a battery on a particular person. See *People v. Hickman*, 9 Ill. App. 3d 39, 44 (1973) ("[W]here one in the commission of a wrongful act commits another wrong not meant by him, or where in the execution of an intent to do wrong, an unintended act resulting in a wrong ensued as a natural and probable consequence, the one acting with wrongful intent is responsible for the unintended wrong."). Even accepting that respondent intended to commit a battery on a

12

student and instead struck a teacher, causing her to commit aggravated battery, she remains liable for the unintended consequences that are the natural and probable consequences of her act. See *People v. Dorn*, 378 Ill. App. 3d 693, 698 (2008). The State's factual basis sufficiently establishes the elements of aggravated battery and the court complied with Rule 402(c) and section 5-605(a)(2) of the Act when it accepted respondent's guilty plea. Therefore, respondent cannot establish plain error where no error occurred.

¶ 29 Accordingly, the court did not abuse its discretion when it denied respondent's motion to withdraw her guilty plea.

¶ 30                                        III. CONCLUSION

¶ 31 The judgment of the circuit court of Will County is affirmed.

¶ 32 Affirmed.

¶ 33 JUSTICE McDADE, dissenting:

¶ 34 Respondent in this case is a 13-year-old child who stands convicted, pursuant to a negotiated guilty plea, of a felony growing out of her involvement in a fight with a fellow student at her junior high school. During the course of the altercation, a teacher who was attempting to stop the fight stepped in and was struck by a punch thrown by M.B. and intended to strike the other student. After pleading guilty, M.B. was sentenced to one year of probation.

¶ 35 Shortly thereafter, M.B., through her public defender, sought to withdraw her guilty plea. Her attorney filed a motion and an amended motion to vacate the judgment and withdraw the guilty plea, asserting M.B. "was not aware that this case was a felony" and "did not commit the offense in question." A hearing on the motion was held and a different public defender made the following argument:

13

"[M.B.'s COUNSEL]: In order to supplement the record, mother wishes me—mother and the minor wishes [sic] me to convey to the Court that minor never intentionally struck a teacher. She was fighting with another student and the teacher became involved I guess trying to break up the fight. The other student hit the teacher as well, but was never charged and the minor and other student are now friends.

THE COURT: Okay.

[M.B.'s COUNSEL]: I stand on our motion."

When asked by the court if the State had anything to add, the prosecutor said: "Judge, the State just objects to the motion."

¶ 36    In its ruling on the motion, the judge noted that both the court and the State had recited several times that M.B. was charged with a Class 3 felony. The court concluded, saying:

"The original petition also alleges that it's a Class 3 felony, so the State gave a factual basis, [M.B.] agreed to the factual basis during the course of the plea, and I have no reason—no legal reason to reject the plea and vacate the guilty plea and judgment based upon the transcript and having gone through the admission form. So motion denied."

A discussion then ensued between M.B.'s mother and the court, in which the mother made the following halting comments: "I wanted to appeal because we—I don't know if you made a mistake thinking I said it, but we were not of knowledge that it was—I would have never made the plea—we were not of knowledge that it was going to be a felony." After reiterating that both the prosecutor and the court had made it clear that M.B. was charged with a Class 3 felony, the judge concluded:

"I am not going to vacate the plea based upon the information that you have provided to me, that you have changed your mind as far as what the occurrence was.

14

When the factual basis was stated, [M.B.] agreed to the factual basis, that that is what the State's witnesses would testify to, and I went through with the plea. So on that basis, I won't vacate it. You have the right to take an appeal."

¶ 37                    DISCUSSION

¶ 38                    A. Sufficiency of the Plea

¶ 39    The sole crime with which M.B. was charged was the Class 3 felony of aggravated battery. That crime is defined by two statutory provisions. As set out in section 12-3(a)(2) of the Criminal Code of 2012 (720 ILCS 5/12-3(a)(2) (West 2020)), "[a] person commits battery if he or she knowingly without legal justification by any means *** (2) makes physical contact of an insulting or provoking nature with an individual." This crime is a misdemeanor.

¶ 40    The factor which could, in this case, elevate the misdemeanor battery to felony status is set out in section 12-3.05(d)(3) (*id.* § 12-3.05(d)(3)), which states: "(d) Offense based on status of victim. A person commits aggravated battery when, in committing a battery, other than by discharge of a firearm, he or she knows the individual battered to be any of the following: (3) A teacher *** upon school grounds ***." Thus, to commit the Class 3 offense of aggravated battery, M.B. had to knowingly, without legal justification and by any means, make physical contact of an insulting or provoking nature with a person knowing that she would be making that contact with a teacher. Put another way, to commit the felony, M.B. had to know when she threw the punch that it would hit a teacher; she had to mean to hit the teacher.

¶ 41    As shown by the transcripts of the four substantive hearings in this case, at no point in any of the proceedings in this matter was that explained to M.B. M.B.'s counsel waived a probable cause hearing at which the elements of aggravated battery would necessarily be discussed. M.B. was told multiple times, as recited by the court, that she was charged with

15

aggravated battery, a Class 3 felony, but she was never told what the elements of the crime were or that it was *knowing* she was hitting a teacher that made it a felony.[1] Nor did the court verify on the record that M.B.'s attorney had explained the elements to her and that she understood them. Significantly, the elements were not included in the factual basis or in the written admission statement, set forth above (*supra* ¶ 6). What *was* clearly explained to this 13-year-old who functioned at the level of a 9-year-old was that if she chose to be tried and she was convicted of the Class 3 felony, she could be incarcerated for up to five years, but if she agreed she was guilty, she would go home.

¶ 42       While M.B. was accurately and frequently advised what her alleged crime was *called*, she was never told what it *was* that she was accused of doing wrong and what made it a felony. In light of these facts, she has amply demonstrated that her guilty plea was not made knowingly, intelligently, and voluntarily. She had no knowledge of the criminal offense she was pleading to; she only knew what category of crime it fell into.

¶ 43       For this reason, the guilty plea is fatally infirm from its inception, and it cannot stand. See *Boykin v Alabama*, 395 U.S. 238, 244 (1969).

¶ 44                    B. Sufficiency of the Factual Basis

¶ 45       The fifth amendment to the United States Constitution guarantees that no person shall be deprived of life, liberty, or property without due process of law. U.S. Const., amend V. The same protection is guaranteed by the Illinois Constitution. Ill. Const. 1970, art. I, § 2. In our judicial system, to enable that deprivation through conviction of a crime, the State must meet a burden of

---

[1]I believe, for what it is worth, that this is what M.B.'s mother was trying to convey when she told the judge they did not know it was a felony.

16

proving, beyond a reasonable doubt, each critical element of a charged crime. If the defendant persists in a denial of guilt, the State must meet its burden through the presentation and testing of evidence in an adversarial proceeding (a bench or jury trial). If the conviction is secured by a negotiated guilty plea, the State's ultimate burden is no less stringent; it still has to prove defendant guilty of the crime, it just does so in a different manner. Rather than adversarial testing, the State negotiates with defendant to arrive at "terms" pursuant to which defendant will forgo a trial and plead guilty. Procedurally, the State presents, for the court's assessment and acceptance, a "factual basis" showing that it has sufficient evidence to prove defendant guilty of the specified crime if he or she were to demand a trial. Defendant then agrees that the factual basis shows the State could satisfy its burden and prove him guilty and so pleads.

¶ 46        A negotiated plea was the method used to secure M.B.'s conviction. In the juvenile court she challenged that plea, claiming through counsel at the hearing on her postplea motion that she "never intentionally struck a teacher," and in the motion itself that she (1) "was not aware that this case was a felony," and (2) "did not commit the offense in question." These claims challenged the sufficiency of the evidence supporting her guilty plea. In this court, M.B. denies the sufficiency of the State's factual basis to support her guilty plea on the element of knowing she was striking a teacher, which was critical to proving her guilt because *without that knowledge there is no felony*. A claim of insufficiency of evidence can be raised at any time; it is not subject to forfeiture and can be raised for the first time on appeal. *People v. Woods*, 214 Ill. 2d 455, 470 (2005). Moreover, I would find that insufficiency of the evidence was asserted below, further obviating any consideration of forfeiture or plain error in this review.

¶ 47        Turning to the claimed insufficiency of the factual basis in the support for the guilty plea, the State's factual basis alleged, in its entirety:

17

> "[THE STATE]: Yes, Judge. The State's evidence would show on or about May 19, 2022, within Joliet, Will County, Illinois, the minor was at school, that being Gompers Junior High School, was in a physical altercation. *** Reed is a teacher at Gompers Junior High, was trying to assist the situation, and the minor struck *** Reed about the body with her hands."

As can plainly be seen, nothing in the factual basis asserts the requisite knowledge to prove the felony. Nor was M.B. asked any questions about her knowledge in conjunction with the taking of the plea. Consequently, the critical element, the only element supporting the felony conviction was never, to the child's knowledge, on the table or part of her guilty plea.

¶ 48    I would find the guilty plea should be *vacated* as legally insufficient, find that the inadvertent striking of the teacher in the circumstances of this case cannot support conviction of a felony, and suggest that, under the specific circumstances in this case, any further pursuit of this charge against M.B. should be reviewed for possible double jeopardy impact.